## THE NATIONAL BANK OF RAHWAY v. RACHEL A. BREWSTER.

An action at law cannot be maintained by an endorsee upon a promissory note made by a married woman to a mercantile firm of which her husband was a member.

------

In error to Union Circuit.

For the plaintiffs in error, *Vail & Ward*.

For the defendant in error, *R. V. Lindabury*.

The opinion of the court was delivered by

THE CHANCELLOR. This suit was brought in the Union Circuit to recover the amount due upon a promissory note made by the defendant, a married woman, to a mercantile

firm of which her husband was a member. The note was transferred by proper endorsement, before maturity, to the plaintiffs. The Circuit Court non-suited the plaintiffs.

The plaintiffs' counsel insist that although the payees of the note, the firm of which the husband was a member, could not have sued the defendant at law upon the note, the endorsees may do so. This proposition is based upon the notion that the only reason why a suit at law could not be maintained against the maker upon such a note is that a husband cannot maintain an action against his wife because of their unity in law, and that therefore if the note be held by a stranger, the difficulty is overcome. But at law, the contract between husband and wife is null and void, and the defect is inherent in the contract which therefore cannot be enforced at law. In *Gould* v. *Gould*, 8 *Stew. Eq.* 37, *affirmed Id.* 562, a wife lent money to her husband's firm upon their promissory note. After his death, she brought suit at law against the surviving members of the firm. She was non-suited, and it was held that in order to recover the money she must have recourse to equity.

The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, BROWN, CLEMENT, COLE, McGREGOR.   13.

*For reversal*—None.