MARY ANN DRUM, RESPONDENT, v. TERENCE DRUM AND
THOMAS DRUM, APPELLANTS.

Submitted March 23, 1903—Decided June 8, 1903.

A married woman living apart from her husband under a decree of
divorce *a mensa et thoro,* is not enabled by our statutes to main-
tain an action at law against her husband.

On appeal.

Before Justices DIXON, GARRISON and SWAYZE.

For the respondent, *Patrick H. Gilhooly.*

For the appellants, *John F. Brown.*

The opinion of the court was delivered by

DIXON, J. In February, 1891, the Court of Chancery de-
creed a divorce *a mensa et thoro* between the plaintiff and
her husband, and directed the husband to pay alimony to the
plaintiff. The husband failing to do so, an attachment was
issued out of the Court of Chancery, directing the sheriff of
Union county to have the husband before the court on Octo-
ber 7th, 1902, to answer for the contempt involved in his
disobedience, and authorizing the sheriff to take a bond in
the sum of $300, conditioned that the husband would appear
on that day and would abide the further order of the court.
The husband having been arrested under the writ gave the
required bond, with a surety, but failed to appear on the day
designated. Thereupon the sheriff assigned the bond to the
wife and she brought suit upon it in the District Court of
Elizabeth. That court rendered judgment in her favor for
$248.48, the amount of alimony due to the plaintiff under
the order of February, 1891. This appeal is taken to reverse
that judgment.

The difficulty in the way of supporting the judgment is the fact that a wife is incapable of maintaining an action at law against her husband. Our statute enlarging the legal rights of married women (*Gen. Stat., p.* 2015, § 14) expressly saves the common law inability of husband and wife to sue each other. The decree of divorce *a mensa et thoro* between these parties did not affect their *status* of marriage; it merely justified their separation. *American Legion of Honor* v. *Smith,* 18 *Stew. Eq.* 466.

While we have several statutes giving increased privileges to married women living apart from their husbands, none confers the right to sue their spouses at law.

The appellants urge, also, that this being a bail bond, the suit upon it should be brought in the court wherein the original action was pending, in order that the court might exercise its equitable jurisdiction for the relief of the bail. Such is the prevailing rule with regard to bail bonds given in suits at law. *Florence* v. *Shumar,* 5 *Vroom* 455. But the rule does not obtain in the Court of Chancery, because that court has no jurisdiction of an ordinary right of action arising upon such a contract. On bonds given for appearance in the Court of Chancery (see *Chancery Rule, p.* 13), an action at law is maintainable, and the bail may obtain relief in proper cases by application to the Chancellor for an order restraining the prosecution of the bond. *Beddall* v. *Page,* 2 *Sim.* 224; 1 *Dan. Ch. Pr.* 461.

In the present case, the wife being the holder of the bond, she cannot sue upon it at law, and the remedy which she is entitled to must be sought in equity.

The judgment should be reversed and judgment for the defendants be entered.