Grant, Respondent, vs. Asmuth, Appellant.

*March 5—April 3, 1928.*

*Contribution: Joint trial of action by husband and wife against automobile driver: Finding of contributory negligence on part of husband: Action for contribution against husband: Effect of verdict in joint action: Right of husband to deny his negligence was a proximate cause of wife's injuries.*

1. Where, as the result of an automobile collision, the driver of one car and his wife brought actions for injuries against the driver of the other car, which were tried together, resulting in a judgment for the wife but in a dismissal of the husband's action on a jury finding of contributory negligence on his part, such other driver was not entitled to contribution from the

husband as a joint tortfeasor, since there was no determination that the negligence of the husband was a proximate cause of the wife's injury. p. 461.

2. Actions by husband and wife for injuries sustained in the same accident must be brought independently, although they may be tried jointly. p. 461.

3. The right to contribution arises as between alleged joint tortfeasors only where they have been subjected to an established common liability and one has paid more than his equitable share of the common obligation. p. 462.

4. The fact that the husband was actively interested on behalf of his wife in her action to recover damages against the driver of the other car would not prevent the husband's denial of liability for injuries to his wife in an action by the other driver against him to recover contribution as a joint tortfeasor. p. 462.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

The plaintiff brought this action March 7, 1927, to recover from defendant, as an alleged joint tortfeasor, one half of the amount of a judgment against the plaintiff in a prior action, which was paid by him. On July 16th judgment was given plaintiff upon the pleadings herein. Defendant appeals.

The cause was submitted for the appellant on the brief of *Dennis M. Sullivan, Jr.,* and *Eugene J. Sullivan,* attorneys, and *John J. Hurley,* of counsel, all of Milwaukee, and for the respondent on that of *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee.

ESCHWEILER, J. The complaint and answer show the following state of facts:

On February 24, 1926, the defendant, *Conrad Asmuth,* was driving his automobile on a public highway in said Racine county, his wife, Loa Asmuth, being with him. Their automobile collided with an automobile driven by *Grant,* the plaintiff here. Thereafter said *Conrad Asmuth* and his wife Loa each instituted an action in tort against *Grant* to

recover their respective damages arising from such collision. For convenience of trial the two actions were tried together with a single verdict, which, as modified by the trial court, resulted in a judgment in favor of said Loa Asmuth of $2,000 damages against *Grant* and a judgment of dismissal upon the merits of the action brought by *Conrad Asmuth,* and separate judgments were so entered.

On March 17, 1927, *Grant* paid in full the said judgment in favor of Loa Asmuth and was released and discharged therefrom, and now seeks to recover from the defendant here one half of the amount so paid.

The judgment of dismissal in the action by *Conrad Asmuth* was because of a finding by the jury in that trial to the effect that he had failed to exercise ordinary care for his own safety, thereby proximately contributing to the collision. It further appeared from the pleadings that the defendant here was interested in and a witness and testified on behalf of his wife in her action. The answer herein also alleges that the injuries sustained by the said Loa Asmuth were proximately caused by the negligence of the plaintiff, *Grant,* and not by reason of any negligence on the part of the defendant here.

The theory upon which judgment was here granted in favor of the plaintiff was that the issue as to whether or not there was a want of ordinary care on the part of *Conrad Asmuth* which proximately contributed to cause the collision and consequent injuries to Loa Asmuth, was fully and finally determined in the former trial by the jury's finding of *Conrad Asmuth's* contributory negligence.

The issue there and thus determined, however, was only this: that some negligence on *Conrad Asmuth's* part prevented recovery from *Grant* for his own injuries. It did not then and there determine the separate and distinct issue of whether Loa Asmuth was entitled to recover from her husband for the same injuries. Upon the question as to whether

there was actionable negligence by *Conrad Asmuth* towards the passenger in his automobile, Loa Asmuth, and of her possible contributory negligence so far as he was concerned, the latter has not yet had his day in court upon the trial of issues framed to meet such question, and until it has been properly determined by judgment to that effect that *Conrad Asmuth* is also responsible to Loa Asmuth for her injuries arising out of this collision, the plaintiff, *Grant,* cannot compel contribution from *Conrad Asmuth* as a joint tortfeasor.

If the respective actions of *Conrad* and Loa Asmuth against *Grant* for their injuries had been tried independently, as they must be brought independently (*Brickner v. Kopmeier,* 133 Wis. 582, 113 N. W. 414), and separate but similar verdicts had been rendered in each as in the joint trial, the finding in such separate trial as to contributory negligence of *Conrad Asmuth* defeating his right to recover against *Grant* and the consequent judgment of dismissal would not have been binding for or against *Conrad Asmuth* in any independent action that Loa Asmuth might have brought against him to recover for the same injuries, either disregarding possible liability of *Grant,* or on a claim of the two being joint tortfeasors, the parties would have been different and the issues presented would have been different.

Had Loa Asmuth elected to sue her husband and *Grant* in the one action as joint tortfeasors, either or both responsible to her for her injuries, then it might well have been therein determined, upon questions framed to meet such an assertion of liability of *Conrad Asmuth* for her injuries, so that such trial could have settled all and any issues as between *Conrad Asmuth* and *Grant* as to their respective responsibility for all or none of the injuries to Loa Asmuth or as to the right of contribution between them. Then we should have had the situation considered and discussed in *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, relied upon by respondent, for, as is pointed out in that case (p. 229), it is

only when they have been subjected to an established common liability and one has paid more than his equitable share of such common obligation that the right to contribution arises. As yet, however, it has not been determined that there was such a common liability for the injuries to Loa Asmuth.

That *Conrad Asmuth* may have been actively interested on behalf of the wife in her action to recover damages against *Grant* does not now foreclose him from asserting at the first opportunity, and such as is here presented, a denial of liability on his part for the injuries to his wife.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.