BRITT, Plaintiff, vs. BUGGS and another, Defendants: BUGGS, Appellant, vs. WOLFF, Respondent.

*April 1—April 29, 1930.*

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

For the respondent there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Paul M. Grubb.*

CROWNHART, J.    Rose Britt, injured while in the employ of the defendant Buggs, claimed and received compensation therefor under the workmen's compensation act (ch. 102, Stats. 1927), both parties being subject thereto.   By reason thereof, and by force of the statute, the claim of Britt, if any, for damages in tort against a third party for such injuries thereby became assigned to Buggs.   Sub. (1), sec. 102.29, Stats.

The injury to the plaintiff grew out of an automobile collision between a car driven by Buggs, in which she was riding, and a car driven by Wolff.

After paying compensation to the plaintiff, Buggs re-assigned any claim which the plaintiff may have had by reason of such collision against Wolff, to Britt, and Britt thereupon brought an action against Wolff for damages to her caused by such collision through the negligence of Wolff.

The defendant Wolff filed a cross-complaint against Buggs, alleging that Buggs was equally guilty of negligence with him, and demanding that should he be held liable to Britt in damages in such action, that he, Wolff, have contribution against Buggs for one half of the amount that he shall be required to pay to Britt.   To this cross-complaint Buggs demurred on the ground that it did not state facts sufficient to constitute a cause of action.   The circuit court overruled the demurrer and the defendant Buggs appealed.

The issue is simple.   Is one who pays compensation to an injured employee under the compensation act, in any way

liable for contribution to a third party, in a suit by such employee against a third party tortfeasor, even though the employer and the third party are equally negligent in causing the accident and damages to the employee?

The rule as to contribution in tort cases has been frequently stated by this court. In *Wait v. Pierce,* 191 Wis. 202, 225, 209 N. W. 475, 210 N. W. 822, it is said:

"The right of contribution is founded upon principles of equity and natural justice and does not spring from contract. Whether the common obligation be imposed by contract or grows out of a tort, the thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair equitable share of the common liability."

In *Grant v. Asmuth,* 195 Wis. 458, 461, 218 N. W. 834, we said:

"It is only when they have been subjected to an established common liability and one has paid more than his equitable share of such common obligation that the right to contribution arises."

In *Michel v. McKenna,* 199 Wis. 608, 614, 227 N. W. 396, 399, the court, referring to the *Grant* and *Wait Cases,* said:

"The right to contribution arises out of a common liability. It is only when joint tortfeasors 'have been subjected to an established common liability, and one has paid more than his equitable share of such common obligation, that the right to contribution arises.' *Grant v. Asmuth,* 195 Wis. 458, 461, 218 N. W. 834, 835. 'The thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair equitable share of the common liability.' *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 823, 48 A. L. R. 276."

Again the rule is stated in *Zutter v. O'Connell,* 200 Wis. 601, 607, 229 N. W. 74, 76, as follows:

"The appellant assigns as error the dismissal of his cross-complaint against Phillip Zutter for contribution. Phillip

Zutter is the father of Donald Zutter, and under the doctrine of *Wick v. Wick*, 192 Wis. 260, 212 N. W. 787, 52 A. L. R. 1113, there could be no recovery against him by his son. Although the verdict established the fact that the accident was the result of the concurring negligence of both Thomas O'Connell and Phillip Zutter, the right of contribution does not spring from concurring negligence. A common liability is the first essential for contribution. Where one of the co-obligors has discharged more than his fair equitable share of the common liability, a right of action arises in his favor against the other co-obligors. *Sattler v. Niederkorn*, 190 Wis. 464, 209 N. W. 607. In the absence of a common liability there can be no contribution."

The latter case must set at rest the contention of the appellant in this case. The compensation act expressly provides:

"Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur: . . ." Sec. 102.03, Stats. 1927.

It will be seen that Buggs having been subjected to the liability of the compensation act, such liability was in lieu of any other liability whatsoever. Hence Buggs completely relieved himself from liability to Britt on account of the collision when he paid compensation pursuant to the compensation act. That being so, there was no common liability to Britt for such accident by Buggs and Wolff, even though their concurring negligence caused the injury, and there could be no legal claim for contribution by Wolff against Buggs by reason thereof.

*By the Court.*—The order of the circuit court is reversed.