BERGEN COUNTY CIRCUIT COURT.

HELEN LANG, PLAINTIFF, v. EDWARD A. LANG,
DEFENDANT.

Decided February 13, 1946.

For the plaintiff, *Samuel L. Minsky*.

For the defendant, *Clyde Christie* (*Ellis M. Kopp,* of counsel).

LEYDEN, C. C. J. The motion is to strike the complaint as insufficient in law.

The complaint alleges, substantially, that in July, 1945, the plaintiff and defendant sold premises owned by them as tenants by the entirety for the sum of $5,000; that the defendant fraudulently induced the plaintiff to endorse the check given in payment under a promise to pay her the sum of $2,500 of the proceeds; that the defendant failed to pay her said sum and in fact converted it to his own use. She seeks as damages $2,500 with interest from July 10th, 1945.

It was admitted on the argument that the parties were

divorced from the bonds of matrimony by decree on December 17th, 1945.

The plaintiff has no standing in a court of law. Whether the complaint sounds in contract or in tort is of no great moment. A wife has no right of action at law sounding in contract against her husband. Any agreement between them is at law null and void and cannot be enforced. *National Bank of Rahway* v. *Brewster,* 49 *N. J. L.* 231; 12 *Atl. Rep.* 769. So, too, a wife has no right of action at law sounding in tort against her husband. This well settled rule was recognized in 1939 by the present Chief Justice in *Hudson* v. *Gas Consumers' Association,* 123 *N. J. L.* 252; 8 *Atl. Rep.* (2d) 337, and he there pointed out that no statute has been enacted in this state that disturbs the rule. No change has since been made. *R. S.* 37:2–5; *N. J. S. A.* 37:2–5.

The plaintiff contends, however, that the divorce removes the disability and the action is now maintainable. There is no merit in this argument. A limited divorce would not enable the wife to sue her husband. *Drum* v. *Drum,* 69 *N. J. L.* 557; 55 *Atl. Rep.* 86. If the husband were dead the wife could not, at law, sue the representative of the husband for money received by him on her behalf during the marriage. *Rusling* v. *Rusling's Executors,* 47 *N. J. L.* 1. Such transactions and agreements were null and void at law on the theory of unity of husband and wife. Death certainly terminates a marriage as effectively as a divorce. A divorce from the bonds of matrimony, with the consequent change in status of the parties, does not operate to vivify a transaction between a husband and wife made during coverture and thus enable the ex-wife to sue the ex-husband at law for damages arising out of the breach of the so-called agreement or transaction, in the absence of a statute granting such right, nor does such a change in status create a cause of action at law sounding in tort against the ex-husband where none existed during coverture.

The objection to the form of the notice of motion is without merit. There is a distinction between the ground that a complaint does not constitute a cause of action (*Dunn* v. *Chernewski,* 101 *N. J. L.* 27; 127 *Atl. Rep.* 338), and that,

as here, the complaint does not state facts sufficient to constitute a cause of action. The latter reason is good.

Finally, the plaintiff in her brief requests, if the determination of this motion is adverse, that the cause be transferred to the Court of Chancery pursuant to *R. S.* 2:26–60, *et seq.; N. J. S. A.* 2:26–60, *et seq.* The striking of the complaint is not tantamount to a dismissal of the action. The process is still outstanding and the cause pending. Although transactions between husband and wife are null and void at law, equity may afford relief to the ex-wife. *Demarest* v. *Terhune,* 62 *N. J. Eq.* 663; 50 *Atl. Rep.* 664; *Fike* v. *Fike,* 3 *N. J. Mis. R.* 485; 128 *Atl. Rep.* 849; *affirmed,* 99 *N. J. Eq.* 424; 132 *Atl. Rep.* 922; *Freitag* v. *Bersano,* 123 *N. J. Eq.* 515; 198 *Atl. Rep.* 845. However, the application to transfer the cause should be made on motion.

The motion to strike is granted.