22 N.J. Super. 588 (1952)
92 A.2d 140
JEAN GUERRIERO, PLAINTIFF,
v.
U-DRIVE-IT CO. OF N.J., A NEW JERSEY CORPORATION, AND FRANK J. NATALE, DEFENDANTS.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 27, 1952.
*589 Mr. Ervin E. Field, attorney for defendants, for the motion.
Mr. Fred Freeman, attorney for plaintiffs, against the motion (Mr. Seymour B. Jacobs on the brief).
TALLMAN, J.C.C.
This matter comes before the court on the defendants' motion to bring in the husband of the plaintiff as a third-party defendant for purposes of establishing liability over to the defendant under the new Joint Tortfeasors Contribution Law (L. 1952, c. 335, p. 1075; N.J.S.A. 2A:53A-1 to 5):
"An Act establishing the right of contribution among joint tortfeasors
*590 Be it enacted by the Senate and General Assembly of the State of New Jersey
1. For the purpose of this act the term `joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. A master and servant or principal and agent shall be considered a single tortfeasor.
2. The right of contribution exists among joint tortfeasors.
3. Where injury or damage suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought.
4. This act shall apply to all actions for contribution commenced, and to all judgments recovered, after the effective date hereof irrespective of the time of the commission of the wrongful act or acts by the joint tortfeasors: provided, that it shall not apply with respect to payments made prior to the effective date hereof.
5. This act shall be known and may be cited as the `Joint Tortfeasors Contribution Law.'
6. This act shall take effect immediately. Approved and effective June 18, 1952."
This is a suit by the plaintiff wife for personal injuries arising out of an automobile accident, wherein she was a passenger in her husband's car which he was operating when the same was in collision with a vehicle owned and operated by the defendants.
The husband did not join per quod and for incidental expenses.
Plaintiff does not question the procedure being employed by the defendants under the rules of court (Rule 3:14-1) to bring in as a third-party defendant  a joint tortfeasor  except where a husband and wife relationship as such exists.
The very serious question on this motion is one of substantive law, not procedure. It goes to the fundamental question whether under the joint tortfeasors statute the husband is in fact a "joint tortfeasor," and then if he is, can *591 he still be made a party without violating fundamental concepts as to the unity of husband and wife in matters of litigation, as well as the preservation of peace and felicity between them.
As to the common law in the State existing before the enactment of the Joint Tortfeasor Contribution Law:
"Under well settled principles, where there are two or more joint tort-feasors, an action may be instituted against any one or more of them and, if against several, one defendant alone may be held liable if the proofs justify it regardless of the finding as to the others, and if several are found liable there is no right of contribution and the jury may not apportion the damages among them." Citing many cases therein set forth  Malinauskas v. Public Service Interstate Transportation Company, 6 N.J. 269, at p. 274 (1951).
This was the law up to the time of passage of L. 1952, c. 335, approved and effective June 18, 1952, establishing the right of contribution among joint tortfeasors.

I.

A HUSBAND IS NOT A JOINT TORTFEASOR WITHIN THE MEANING OF THE STATUTE.
The statute in question, in particular section 1 which has to do with definitions reads as follows:
"the term `joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, * * *."
The statute by its terms makes the first requirement for joinder that the person sought to be joined is one "liable in tort" for the injury or damage to the plaintiff. This statute, of course, has only been effective in New Jersey since June 18, 1952, and apparently there has been no reported opinion on the same at this time. Nonetheless, the Legislature by this statute imposed a strict test  that there must be liability in tort, before the statute can become operative. This, of course, depends upon substantive law as it exists. In other words, *592 this new statute does not create causes of action, that is, liability in tort, where it did not exist before. It merely creates a right to contribution among those who were liable in tort before.
The case of Hudson v. Gas Consumers' Association, 123 N.J.L. 252 (E. & A. 1939), is instructive in a somewhat similar situation, to the effect that even under the Married Woman's Act the wife does not have a cause of action in tort against her husband. In the cited case the wife was injured while a passenger in an automobile operated by her husband who was the agent of the defendant company which owned the car, and he was driving at the time of the accident on the company's business. She sued her husband's employer for the injuries received, predicated on her husband's negligence as the agent of the employer. The trial court dismissed the action on the ground that the immunity of the husband extended to his employer. On this point the decision was reversed on appeal with certain informative expressions by the appellate court that may give light to the question now at issue. At page 253 of the decision it is said:
"It is of course a settled matter that a wife may not have a suit for damages against her husband for his tort. This is the common law rule and no statute has been enacted in this state that disturbs it."
And at page 254:
"The reason behind the rule that husband or wife may not hold the other civilly liable is that such actions would tend to destroy peace in the family relationship."
Parenthetically, we observe that likewise an unemancipated child may not have such action against its parent.
Also in the cited case it was argued that the recovery by the wife against the employer would violate the public policy, because the employer had an action over against the husband. But this was explained by the court in that the action by the employer against the husband was for "the breach of the duty owed by the servant to the master," and did not depend *593 upon the master "succeeding to the rights of the injured party by way of subrogation."
In a recovery as in the cited case under substantive law existing between master and servant for breach of duty, liability is independent.
In Lang v. Lang, 24 N.J. Misc. 26 (Cir. Ct. 1946), a wife sued her husband at law in fraud that occurred prior to their divorce, and the court dismissed the complaint (even though they were divorced), stating the rule at p. 27 as follows:
"The plaintiff has no standing in a court of law. Whether the complaint sounds in contract or in tort is of no great moment. A wife has no right of action at law sounding in contract against her husband. Any agreement between them is at law null and void and cannot be enforced. National Bank of Rahway v. Brewster, 49 N.J.L. 231; 12 Atl. Rep. 769. So, too, a wife has no right of action at law sounding in tort against her husband. This well settled rule was recognized in 1939 by the present Chief Justice in Hudson v. Gas Consumers' Association, 123 N.J.L. 252; 8 Atl. Rep. (2d) 337, and he there pointed out that no statute has been enacted in this state that disturbs the rule. No change has since been made. R.S. 37:2-5; N.J.S.A. 37:2-5."
The case of Bendler v. Bendler, 3 N.J. 161 (1949), involved a suit by a husband against his wife, she being his employer in her own plant, for workmen's compensation, for injuries he received arising out of and in the course of his employment. The high court refused recovery on the common-law ground that the husband and wife could not contract with each other. Therefore, he could not be her employee under the law; hence the Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., which attaches to every contract of employment would have no application between husband and wife.
In analyzing the cited case, it appears that the majority of the court conclusively determined that there was nothing in the Married Woman's Act, by express terms, permitting a wife to hire a husband, and there was nothing in the Workmen's Compensation Act, by express terms, attaching its *594 benefits to a situation where a husband was in fact working for his wife. The court was satisfied that the basic concept of unity in the marriage relation prohibited any other conclusion, except by express legislative enactment. To impress this point, at page 172 of the opinion the court mentioned the particular section of the Married Woman's Act, R.S. 37:2-16.1, which required special separate enactment in 1945 to permit a wife to enter a contract of partnership with her husband. The court, speaking of this situation with respect to the spouses and their inability to sue or contract, made the following observation which would be appropriate in viewing the present statute under discussion, at page 172, as follows:
"The removal of the disability of spouses to enter into a co-partnership inter se was accomplished by the exercise of the legislative power. R.S. 37:2-16.1. And in so doing, the Legislature carefully limited the scope of the enabling provision. Contractual capacity involves substantive law within the exclusive competency of the legislative authority, rather than a mere rule of evidence subject to judicial control. Lest we forget, the legislative function is distinct from the judicial function, and neither branch may exercise the power granted to the other. Constitution of 1947, Article III, paragraph 1. `The judicial power involves the application of the law to concrete facts and, therefore, the investigation and establishment of the facts.' Wigmore on Evidence (3rd ed.), § 7."
In analyzing the foregoing authorities, the compelling conclusion must be that a husband is not "liable in tort" for injury to his wife, and vice versa; therefore neither spouse can be a "joint tortfeasor" as to the other within the definition of section 1 of the new statute.

II.

THE HUSBAND CANNOT BE JOINED AS A THIRD-PARTY DEFENDANT IN A WIFE'S SUIT IN TORT AGAINST A THIRD PARTY.
Under the preceding argument, it was intended to develop the thought that as a matter of substantive law there exists no liability in tort between husband and wife. It is the *595 intention of this topic to develop the point that even as a matter of procedure, the substantive law being what it is, the husband could not be brought in as a defendant or third-party defendant in such a suit, because the rule is just as basic that the wife cannot sue the husband in tort or maintain an action against him. It is my opinion that the new statute does not give rise to a cause of action or a right of joinder where none existed before as between a husband and wife. In other words, that the new statute does not remove any previously existing barriers, either in substantive law or procedure in actions between spouses.
This seems to be fortified by the wording of section 3 of the statute which reads in part:
"3. Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors * * *."
Note, section 3 uses the terms "joint tortfeasors" and thus it must be used within the definition stated in section 1 above. Note also that it refers to the plaintiff recovering a judgment against one or more, either in one or more separate actions. This must of necessity mean that any person joined as a tortfeasor must be a person against whom the plaintiff could have sued and recovered a judgment in the initial action. If the plaintiff could not have sued the particular person sought to be joined, then that person does not become a joint tortfeasor within the wording of section 3 of the statute.
The courts have recognized and applied with practical unanimity the rule that to entitle a tortfeasor to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against *596 the tortfeasor seeking contribution but also against the one against whom contribution is sought.
In the application of this universally recognized rule of contribution between joint tortfeasors, the courts in most of the few cases passing upon the question have denied to a tortfeasor the right to contribution from one whose concurrent negligence produced the injury of the plaintiff in the tort action, where, because of a marital, filial, or other family relationship between such injured person and the tortfeasor against whom contribution is sought, the former had no enforceable right of action against the latter, since the element of common liability of both tortfeasors to the injured person, essential to the right of contribution, is lacking in such cases.
This conclusion is based, however, not so much upon the fact of relationship, as such, between the injured person and the tortfeasor from whom contribution is sought, as upon the fact that because of the relationship no actionable cause of action in favor of the injured person existed against such tortfeasor  the rule having been denied application in a situation where, despite the relationship, a right of action in favor of the injured person existed against such tortfeasor.
Pointing out that according to the great weight of authority an unemancipated minor child cannot sue his or her parent to recover for personal injuries resulting from an ordinary act of negligence, the court in Norfolk Southern R. Co. v. Gretakis, 162 Va. 597, 174 S.E. 841 (Sup. Ct. 1934), held that there was no right of contribution under the Virginia statute in favor of one tortfeasor against another tortfeasor, where by the concurring negligence of the two a child of the tortfeasor against whom contribution was sought was injured, since a common liability by the tortfeasors to the injured person is a prerequisite to the right of contribution by one to the other. And it was further held in this case that the fact that the father carried liability insurance did not alter the situation in respect of the right of contribution to the other tortfeasor.
*597 And in Ackerson v. Kibler, 138 Misc. 695, 246 N.Y.S. 580 (Sup. Ct. 1931), affirmed 232 App. Div. 306, 249 N.Y.S. 629 (App. Div. 1931), it was held that the New York statute modifying the common-law rule which denied the right of contribution between joint tortfeasors who were in pari delicto, did not create a new liability for contribution between joint tortfeasors, and that therefore a driver of a car by whose negligence the wife of the driver of another car was injured in an accident caused by the concurring negligence of the two, could not enforce contribution against the driver of the latter car, where under the law of New York a wife could not maintain an action against her husband for damages suffered by reason of his tort. The court said that under the law of New York a defendant cannot enforce contribution from any person not liable to the plaintiff for damages.
And on the ground that the right to contribution of one joint tortfeasor against another, by the concurring negligence of whom injury has resulted to a third person, rests upon the existence of a joint or common liability on the part of the tortfeasors to such injured person, a right to contribution was denied to a taxicab company against a driver of an automobile, by the concurring negligence of whom the wife of the latter was injured while riding in his automobile, since, under the common law prevailing in the District of Columbia, the wife had no cause of action against her husband for injuries sustained by her through his negligence. Yellow Cab Co. v. Dreslin, 86 App. D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001 (1950). Answering the contention that it would be inequitabe to allow the wife to be enriched at the sole expense of the taxicab company, and to permit the husband, equally at fault, to escape any of the burden, the court justified its conclusion on the ground that the preservation of domestic peace and felicity was the foundation of the policy upon which the rule of immunity between husband and wife rested.
*598 It was held in Zutter v. O'Connell, 200 Wis. 601, 229 N.W. 74 (Sup. Ct. 1930), that where there was no right of recovery in favor of a son injured by the negligence of his father, there could be no right of contribution against the father in favor of a truck driver whose negligence concurred with that of the father in causing the child's injury, since, although the injury was the result of the concurring negligence of the truck driver and the father, there was no common liability on the part of the father and the truck driver to the son, an element which is essential to the right of contribution between joint tortfeasors. Said the court:
"In the absence of a common liability there can be no contribution. Although the negligence of Phillip Zutter concurred to produce the injuries suffered by Donald Zutter, his son, it gave rise to no liability on the part of Phillip Zutter. Thomas O'Connell, therefore, if and when he paid the judgment, discharged no part of Phillip Zutter's liability, which must be the basis of a right to contribution from Phillip Zutter."
However, having held that under the law of Wisconsin the wife can maintain an action against her husband for injuries sustained by her through his negligence, the court in Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 48 A.L.R. 276 (Sup. Ct. 1926), overruled the husband's demurrer to the cross-complaint of another tortfeasor whose negligence, concurring with the negligence of the husband, had caused the injuries. In view of the conclusion reached that the wife could sue the husband for his negligence, the court had no occasion to consider the question whether the right to contribution between the joint tortfeasors would exist if it were the law of Wisconsin that the wife could not maintain an action directly against her husband on account of the injuries sustained by her. On motion for a hearing in 191 Wis. 225, 210 N.W. 822, 48 A.L.R. 289, the court held that under the statute of Wisconsin as to interpleading additional parties, the tortfeasors sued could bring in a joint tortfeasor for the purpose of having it adjudicated that in the event a judgment is rendered against him, he be awarded a judgment *599 against the other tortfeasor for contribution in half the amount awarded to the plaintiff, contingent upon his paying the judgment in favor of the injured person.
In at least one case in which it appeared that, as a matter of fact, there was a marital or filial relationship between the injured person and one of the alleged joint tortfeasors, contribution from the latter in favor of the other joint tortfeasor was denied, not on the ground that the injured person was prevented by the relationship itself from maintaining a suit against the tortfeasor to whom he was related, but on the ground that he could not have maintained such an action because of his assumption of the risk of such tortfeasor's negligence.
Thus, in Kauth v. Landsverk, 224 Wis. 254, 271 N.W. 841, 1 N.C.C.A. (N.S.) 373 (Sup. Ct 1937), the wife of an owner of an automobile driven by his daughter as his agent was injured through the concurrent negligence of the daughter and the driver of another automobile who, having paid the judgment entered against both owners, sought contribution from the owner of the first mentioned automobile. The court held that, as the mother had assumed the risk of the daughter's careless driving, she had no right of action against either the daughter or the father and that therefore there was no common liability on the part of the joint tortfeasors, and, consequently, there was no right of contribution on the part of the owner of the other automobile against the owner of the automobile in which the injured person was riding  the court relying upon the decision in Zutter v. O'Connell, supra.
Attention may also be called to Grant v. Asmuth, 195 Wis. 458, 218 N.W. 834 (Sup. Ct. 1928), where plaintiff's automobile collided with defendant's, injuring the latter's wife, and in actions brought by defendant and his wife to recover from the present plaintiff, a judgment in favor of the wife and a dismissal of the husband's suit were entered. The present action was one to recover contribution from defendant, plaintiff having paid the judgment granted the wife, and the *600 trial court gave judgment on the pleadings in favor of the plaintiff, on the theory that the judgments in the tort actions, which were tried together, finally determined that the husband had been guilty of negligence, the dismissal of the husband's action having been based upon a jury finding that he was guilty of negligence which proximately contributed to the collision. But the reviewing court rejected this theory, taking the position that the jury's finding as to the husband's negligence in the actions brought by him and his wife against the present plaintiff did not determine the separate and distinct issue of whether the wife was entitled to recover from the husband, if for no other reason than that the wife may have been guilty of contributory negligence as far as the husband was concerned. It was consequently held that, under the rule of Wait v. Pierce, supra, that it is only when tortfeasors have been subjected to an established common liability that the right to contribution arises, the plaintiff was not entitled to maintain his present suit.
There is one Pennsylvania case which, in contrast to the view expressed in the other cases on the point, appears to adopt the position that although a wife may not sue her husband for personal injuries, this does not prevent one who is jointly liable with a husband for injuries suffered by the wife from obtaining contribution from the husband.
Thus, in Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912 (1945), which involved the right of a defendant in an action by husband and wife to recover for injuries suffered by both of them when the car in which they were riding, driven by the husband, collided with defendant's truck, to procure a severance of the actions by the spouses and a joinder of the husband as an additional defendant in the wife's action, the court referred to a Pennsylvania statute requiring that the separate rights of action accruing to a husband and wife for wrongful injuries to the wife be redressed in one action brought in the names of both, and said:
"if the concurrent negligence of (the husband) and the defendant caused the injuries to (the wife), the defendant had a substantive *601 legal right to contribution from his joint tort feasor, which should not be affected or denied by the purely procedural statute or rule enacted or promulgated for convenience and to avoid multiplicity of actions."
The trial court had granted the relief sought by the defendant but "only for the purpose of protecting the original defendant's right to contribution," and the reviewing court, in overruling the husband's contention that the result of the action below was to permit an action by the wife against her husband contrary to the settled policy of the state, said:
"The action of the court below was not equivalent to permitting an action by the wife against her husband. Her husband is not a party defendant to the action so far as she is concerned. The judgment against him, * * *, is not enforceable by her, nor does it enure to her benefit. It is simply a judgment enuring to the benefit of the original defendant if he pays or is required to pay the wife's judgment; * * * while a wife may not sue her husband for personal injuries resulting from his negligence, this immunity does not prevent his being made liable to answer over, as an additional defendant, by way of contribution, to a third party who has been sued by the wife as responsible for her injuries, if the husband's negligence contributed to the accident."
The cases are collected in 19 A.L.R.2d, at p. 1003 to 1006, inclusive.
See also cases cited in 9 Uniform Laws Annotated, Miscellaneous Acts, Uniform Contribution among Tortfeasors Act, particularly pages 160, 161, 162, 167 and 168.
Our Joint Tortfeasors Contribution Law is based upon the uniform act, particularly the definition and third-party practice as set forth in Rule 3:14-1.
The only decisions relied by the defendant were the following cases:
1. Wait v. Pierce, supra. This case and decisions following it are set forth in this opinion to show that despite the fact that the Wisconsin statute allows suits in tort between husband and wife and vice versa, nevertheless it is only when tortfeasors have been subjected to an established common liability that the right to contribution arises, the plaintiff *602 was not entitled to maintain his present suit. Grant v. Asmuth, supra.
2. The other case was Fisher v. Diehl, supra.
The Pennsylvania statutes recognize the common law that husband and wife cannot sue one another in tort, and that their Married Woman's Act, 28 P.S.Pa. § 320; 48 P.S.Pa. § 111, also does not permit such suits; but allows to be added as a third-party defendant the husband-driver of the wife-passenger, the marriage relationship only as such existing to be added in order to dispose of all matters in one proceeding, and says such does not amount to a suit by wife against husband but is only a procedural matter; the wife's rights are not infringed as she receives payment in full from the defendant, and that the husband contributing one-half to the defendant is not regarded as being sued by his wife. This is under Pennsylvania statutes, but such could not occur under our Joint Tortfeasors Contribution Act, with its definition of "joint tortfeasors" and "joint liability."
It is well established that statutes are to be construed with reference to the common law, and that a statute which is claimed to impose a duty, or establish a right, which was not recognized by the common law will be strictly interpreted to avoid such asserted charge. To effectuate any change in the common law, the legislative intent to do so must be clearly and plainly expressed. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253 (1949), citing U.S. Cas. Company v. Hyrne, 117 N.J.L. 547 (E. & A. 1937), p. 552.
"Statutory creation of rights, duties and obligations must be accomplished through the use of express language, directed toward that end, in order to be capable of judicial recognition." Fidelity & Dep. Co. of Maryland v. McClintic-Marshall Corp., 115 N.J. Eq. 470 (Ch. 1934), affirmed 117 N.J. Eq. 440 (E. & A. 1935), and Sutherland, Statutory Construction (3rd ed.), par. 6201 et seq.; Danek v. Hommer, 9 N.J. 56, at p. 62 (1952).
The motion to add the husband as third-party defendant is denied for the following reasons:
*603 1. He is not a joint tortfeasor within the definition set forth in the act.
2. It is a matter of substantive law and not of procedure.
3. In this case the act does not create a new liability in tort where none existed at common law.
4. The act is in derogation of the common law and should be strictly construed.
5. It is followed in states which recognize the common law and that married woman's statutes do not permit suits by husband-wife against each other in contract or tort.
6. That such is repugnant to the common law, and the statutes of this State and decisions involving similar matters.
7. That the true test is joint liability and not joint, common or concurrent negligence.
No costs.