Richard Meredith SCRUGGS, Carol Elizabeth Scruggs, Atlee Gail Scruggs, Meri-Jo Abrams, and Louis Edmund Abrams, Plaintiffs,

v.

James MEREDITH, Defendant and Third-Party Plaintiff, Louis ABRAMS, Third-Party Defendant.

Civ. No. 1444.

United States District Court
D. Hawaii.
Nov. 4, 1955.

---

[1] And see De Veaux v. Ropner Shipping Co., Ltd., 5 Cir., 212 F.2d 177.

Arthur K. Trask, Honolulu, Hawaii, for plaintiffs and third-party defendant.

Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel, by Thomas M. Waddoups, Honolulu, Hawaii, for defendant and third-party plaintiff.

McLAUGHLIN, Chief Judge.

This action is based upon the plaintiffs' claim against the defendant arising from an automobile accident, wherein their mother had been injured. Plaintiffs' mother was in a car driven by her husband, Louis Abrams. James Meredith, defendant and third-party plaintiff, drove the other car involved in the collision. Louis Abrams is the father of Meri-Jo Abrams and Louis Edmund Abrams and the stepfather of Richard Meredith Scruggs, Carol Elizabeth Scruggs and Atlee Gail Scruggs.[1] Plaintiffs' right to recover damages because of injury to their mother was established

by a prior decision in this case, reported in, D.C.Hawaii, 1955, 134 F.Supp. 868.

Meredith moves to bring in Louis Abrams as a third-party defendant, pursuant to Rule 14(a), Fed.Rules Civ.Proc. 28 U.S.C., following 28 U.S.C. § 2072. He alleges that Louis Abrams was negligent and should contribute in satisfying any judgment for damages recovered by these minor plaintiffs.

The question before the Court is whether a father alleged to be a joint tort-feasor may be joined as a third-party defendant in an action where his children and stepchildren are the plaintiffs.

He may not be so joined.

The common law of Anglo-American jurisprudence is followed in Hawaii. Section 1, Revised Laws of Hawaii, 1945.[2] The Territorial courts have not yet decided whether a minor child can sue his parents in tort. Elsewhere the better rule, in our opinion, is that an unemancipated minor cannot sue his parents for a tort sounding in mere negligence or unintentional wrong, occurring while the parent is performing a parental function. Borst v. Borst, 1952, 41 Wash.2d 642, 251 P.2d 149; Cowgill v. Boock, 189 Or. 282, 218 P.2d 445, 19 A.L.R.2d 405; Dunlap v. Dunlap, 1930, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055; 19 A.L.R.2d 423; 39 Am. Jur., Parent and Child, Sections 89 and 90, pp. 734–737; 67 C.J.S., Parent and Child, § 61b (2), pp. 787–790. This rule is more justified than an absolute doctrine of family immunity. This problem is fully explored in the above cited cases.

The facts of the case before us accord an immunity to Louis Abrams from suit by the plaintiffs. Thus the plaintiffs do not have an enforceable claim against

1. No question is raised at the present time as to any differences in Louis Abram's position between the children and stepchildren.

2. "Sec. 1. *Common law applies except when.* The common law of England, as ascertained by English and American decisions, is declared to be the common law of the Territory of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the Territory, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage; * * *."

Louis Abrams, even though he might have contributed to their loss.

■ The general view is that, in order for a defendant to implead another as a third-party defendant upon a theory of contribution in a tort case, the other party must be legally liable to the injured person. American Auto Ins. Co. v. Molling, 1953, 239 Minn. 74, 57 N.W. 2d 847; Kennedy v. Camp, 1954, 14 N.J. 390, 102 A.2d 595; Guerriero v. U-Drive-It Co. of New Jersey, 1952, 22 N.J.Super. 588, 92 A.2d 140; Schroeder v. Longenecker, D.C.E.D.Mo.1947, 7 F.R.D. 9; Ferguson v. Davis, Del.Super.1954, 102 A.2d 707; Yellow Cab Co. v. Dreslin, 1950, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001; Restatement, Restitution, Sec. 86, Comment d, p. 391 (1937); 19 A.L.R.2d 1003; 13 Am.Jur., Contribution, Sec. 51, p. 48. In a previous case this Court stated similar general principles. Oahu Ry. & Land Co. v. United States, D.C.Hawaii 1947, 73 F.Supp. 707, 709.

The Pennsylvania courts have taken a contrary view. Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912; Puller v. Puller, 1955, 380 Pa. 219, 110 A.2d 175; also see 26 Temple L.Q. 453; 8 Rutgers L.R. 552.[3]

The basis of contribution in Hawaii is the Uniform Contribution Among Tortfeasors Act, Sec. 10,487 et seq., Revised Laws of Hawaii, 1945. This Act states:

"* * * the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, * * *."

The Commissioner's note to this section of the Uniform Contribution Act, 9 Uniform Laws Annotated, Sec. 1, p. 156 (1951), reads:

"The common obligation contemplated by this Act is the common liability of the tortfeasors to suffer adverse judgment at the instance of the injured person, * * *."

■ Because of the plain meaning of the statute, this Court must follow the majority rule and refuse joinder of Louis Abrams as a third-party defendant. The basis of contribution under the Uniform Contribution Act is liability to the injured party. No sophistry can change that, though the result may seem inequitable by allowing a father to profit by his own wrong at the sole expense of another. The Territorial legislature was aware of the ordinary interpretation of its language. There is nothing in the history or terms of the Act to suggest its use in any different sense. Kennedy v. Camp, supra, concurring opinion, 102 A.2d at page 602; also see Ferguson v. Davis, supra.

Courts may upon occasion find statutory circumstances warranting interstitial judicial legislation. No such basis obtains here, however. The legislature has clearly covered the point. Any change is within its exclusive province.

Motion denied.

---

3. In Fisher v. Diehl, supra, the court compellingly asserted that the reason for the rule of forbidding family tort actions was not invoked in a situation analogous to the case before us. The basis of contribution in Pennsylvania at that time was by judicial decision and later local statute. Subsequently, Pennsylvania adopted the Uniform Contribution Among Tortfeasors Act. Zutt v. Blatt, D.C.E.D. Pa.1952, 13 F.R.D. 3, indicated that this changed Pennsylvania law to conform with other jurisdictions. But Puller v. Puller, supra, reaffirmed the right to join a family member. However, the court in this latter case changed the theoretical basis to the rationale that contribution is not a recovery for a tort but the enforcement of an equitable duty to share liability.