ESSEX COUNTY CIRCUIT COURT.

GENEROSO DAMIANO, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF ALEXANDER DAMIANO, DE-
CEASED; GENEROSO DAMIANO, ADMINISTRATOR AD
PROSEQUENDUM OF THE ESTATE OF ANTONIELLA
DAMIANO, DECEASED; GENEROSO DAMIANO, ADMIN-
ISTRATOR AD PROSEQUENDUM OF THE ESTATE OF
GENEROSO DAMIANO, DECEASED; GENEROSO. DAMI-
ANO, ADMINISTRATOR AD PROSEQUENDUM· OF THE
ESTATE OF NICOLINA DAMIANO, DECEASED; MAR-
GARET LO RE, ADMINISTRATRIX AD PROSEQUENDUM
OF THE ESTATE OF CARMELO VALENTINO, DECEASED;
ROSE DAMIANO, BY GENEROSO DAMIANO, HER NEXT
FRIEND; ANTHONY DAMIANO, BY GENEROSO DAMI-
ANO, HIS NEXT FRIEND, PLAINTIFFS, v. BONIFACIO
DAMIANO, ADMINISTRATOR OF THE ESTATE OF
AGATA DAMIANO, DECEASED, AND STANDARD ACCI-
DENT INSURANCE COMPANY, A CORPORATION OF THE
STATE OF MICHIGAN, DEFENDANTS.

For the defendants, *Collins & Corbin* (by *Edward A. Markley*).

For the plaintiffs, *Milton M. Unger* (by *Leonard J. Emmerglick*).

SMITH, Circuit Court judge, sitting as Supreme Court commissioner.

There are a number of questions presented on this motion in the seven above-entitled cases.

The actions are based on two counts and arise out of an automobile accident which happened on July 3d, 1927, at a grade crossing in Belmar, Monmouth county, New Jersey, involving a car driven by the defendants' intestate, in which the plaintiffs' intestate and two other of the plaintiffs were riding.

As to the first count, the allegation is that the defendants' intestate was negligent in the management of the car. In four of the cases plaintiffs' intestate were infant children of the defendants' intestate. Carmelo Valentino was also killed in the accident and had been riding with the defendants' intestate, and her administratrix *ad prosequendum* sues to recover damages for Carmelo Valentino's death. Two other actions are brought, one by Rose Damiano and another by Anthony Damiano, by their next friend, against the administrator of the driver, alleging negligence upon the part of the driver. They were injured in the accident and allege negligence on the part of their mother, the driver, and therefore sue her administrator.

The second count is against the Standard Accident Insurance Company and alleges that the defendants' intestate was indemnified by a policy of insurance against the plaintiffs' claims. The indemnity in the policy is for the payment of any judgment recovered against Agata Damiano or her estate, and the only right of action given to the plaintiffs under the policy directly against the insurance company is as to any judgment that they are unable to satisfy against the deceased or her personal representatives. Any action brought before judgment and where proof of failure to satisfy is not alleged, is premature, and as to the second count the motion to strike out will be granted.

As to the first count, I will consider first the question raised as to the right of action of the administrator *ad prosequendum* of the deceased children; those that were killed in

the accident. The question here raised on this motion is as to their right to maintain an action under the Death act, because, it is alleged that no right of action would have existed in their favor against their mother if these children had not died. They were unemancipated children and it is claimed that the mother is not liable at common law to such child for a tort committed by her against such child. This question does not seem to have been passed upon by the Supreme Court or the Court of Errors and Appeals in this state. The question, however, has been well considered by Judge Ackerson in the Circuit Court in the case of *Mannion* v. *Mannion,* 129 *Atl. Rep.* 431; 3 *N. J. Mis. R.* 68, and the general principle is referred to in 29 *Cyc.* 1663.

In determining this motion I will adopt the conclusion of Judge Ackerson and hold that had the children not died they would not have had any action against their mother for her negligence in causing them an injury. The Death act gives a right of action only for a tort committed against the deceased where the deceased would have had a right of action if death had not ensued. Under these circumstances, there not being a right of action at common law by an unemancipated child against her parent for a tort, no right of action is given by the Death act.

This conclusion also applies to the cases of the infant children who were injured, and the applications to strike out the first count as to all of the plaintiffs, except Margaret Lo Re, administratrix *ad prosequendum* of the estate of Carmelo Valentino, will be granted.

There is a further question presented as to the survivorship of the action where the mother died. It is unnecessary to dispose of the case on this count as the ground which I have already considered disposes of the case.

As to Margaret Lo Re, administratrix, it appears from the facts in the case that Carmelo Valentino, her intestate, was not a child of the defendants' intestate, and is therefore not governed by the principle applicable to the children. The application as to her will be denied. Separate orders should be submitted in each case.