65 N.J. Super. 294 (1961)
167 A.2d 667
JEAN TAIBI, PLAINTIFF,
v.
VINCENT DE GENNARO AND DANIEL C. BURY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 25, 1961.
*295 Mr. Emil E. Mascia (Messrs. Sarcone and Mascia, attorneys), for plaintiff.
Mr. Robert A. Vanderbilt (Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys), for defendants.
WAUGH, A.J.S.C.
The plaintiff herein alleges that on October 12, 1955, she then being an infant of the age of 18 years, suffered an injury to her right hand while operating a meat grinder in the course of her employment in the meat department of an American Stores Company Acme store, located in the City of Newark, New Jersey. Her complaint alleges that at that time the defendant De Gennaro was the manager of said store, while defendant Bury is alleged to have been the supervisor of the meat department of all stores maintained and operated by the American Stores Company on the date of the alleged injury. The gravamen of her allegations of negligence is that the defendants failed to maintain proper safeguards for the proper use and function of the meat grinder, and that they failed to give adequate instructions in the proper operation of the same.
Subsequent to the date of the alleged accident, and on September 23, 1956, the plaintiff and one Santo Taibi were married and lived together thereafter for a period of one year and ten months, after which, she alleges, Taibi deserted her.
*296 The defendants now seek leave to file and serve upon Taibi a third-party complaint seeking contribution under our Joint Tortfeasors Contribution Law, N.J.S. 2A:53A-1 et seq., alleging, inter alia, that at the time of the alleged accident his negligence was the sole and proximate cause of the plaintiff's injuries, or, in the alternative, if it is shown that the defendants were negligent, then in that case the proposed third-party defendant was jointly negligent and therefore liable for contribution.
In addition to her affidavit, the oral deposition of the plaintiff, taken on October 21, 1960 and filed with the court, discloses that presently, and for approximately two and one-half years prior thereto, the plaintiff and the proposed third-party defendant have been separated, due to Taibi's alleged desertion, during which time the plaintiff was forced to seek a support order against him. She emphatically avers that she has no present intention to seek a divorce, nor does she presently intend ever to reconcile or cohabit with him.
The question for decision is whether or not the movants must show as a condition precedent to the right of joinder that the proposed third-party defendant may properly be joined as a matter of substantive law. They contend that the question of interspousal immunity should not necessarily be considered at this time since any declaration by this court that a cause of action may or may not exist against the proposed third-party defendant would not be res adjudicata as to him since he is not yet a party. At oral argument of the motion the movants urged the theory that the question of any substantive disability properly could be avoided and the order to join issued, thus leaving the proposed third-party defendant free to move for dismissal of their complaint under R.R. 4:12-2 on the grounds that it does not set forth a cause of action upon which relief could be afforded them.
Conceding arguendo that they must show that the third-party defendant may properly be joined as a matter of substantive *297 law, the defendants urge that the facts in this case  namely, the separation of the plaintiff and proposed third-party defendant  makes inapplicable the sociological and political grounds upon which interspousal actions have been prohibited.
I have considered all of the arguments and documents presented and filed with the court and conclude the defendants' motion must be denied.
R.R. 4:14-1, upon which the defendants rely, provides that a defendant may move on notice to the plaintiff for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who "is or may be liable to him for all or part of the plaintiff's claim against him." There is no doubt, and it must be fairly conceded by all parties, that this rule is merely a procedural vehicle by which litigants are provided with the opportunity to adjudicate in an action "all issues and controversies germane to the asserted actionable wrong," thus avoiding circuity of suits and multiplicity of actions. Sattelberger v. Telep, 14 N.J. 353, 372 (1954). It is not a provision which has created substantive rights which did not exist prior to its enactment. In Douglas v. Sheridan, 26 N.J. Super. 544 (Law Div. 1953), and Bray v. Gross, 16 N.J. 382 (1954), it was pointed out that prior to June 18, 1952, the effective date of the Joint Tortfeasors Contribution Law, supra, no right of contribution existed between joint tortfeasors, and consequently joinder under former Rule 3:14-1 was improper since the joint tortfeasor could not be a person "who is or may be liable" as set forth in the rule. Our present third-party rule, R.R. 4:14-1, which is identical to the former Rule 3:14-1 in those aspects which are here material, has now been recognized, as a general proposition, to be a proper method of proceeding in cases involving the Contribution Law, Sattelberger v. Telep, supra, the moving party being required to show the probability or possibility of liability to him from a third *298 party for all or part of the plaintiff's claim. Douglas v. Sheridan, supra.
Essentially, then, we are faced with the problem of determining whether the factual element of long and avowedly permanent separation, coupled with the existence of an alleged antenuptial tort, operates to place the case within the remedial provisions of the Contribution Law, thus making the proposed third-party defendant a person who is or may be liable to the defendant for all or part of the plaintiff's claim against the latter as required by the rule.
It is an elementary principle of our jurisprudence that at common law a wife could not sue her husband. The disability which existed was rooted in the concept of the legal identity of the husband and wife, the very being or legal existence of the woman being suspended during the marriage, or at least incorporated and consolidated into that of the husband under whose wing, protection and cover she performed everything. Kennedy v. Camp, 14 N.J. 390, 396 (1954), citing 1 Blackstone's Commentaries 442. This rule has continued to obtain in New Jersey, our courts having decisively concluded that our Married Persons Act, R.S. 37:2-1 et seq., did not lift the bar to interspousal litigation in tort for negligence. Hudson v. Gas Consumers Association, 123 N.J.L. 252 (E. & A. 1939); Lang v. Lang, 24 N.J. Misc. 26 (Cir. Ct. 1946); Bendler v. Bendler, 3 N.J. 161 (1949); Kennedy v. Camp, supra.
In the latter case Justice Heher summed up the limitations of our statute thus:
"The Married Persons Act does not suggest this assault upon the unity of the spouses which is interwoven into the law for the domestic peace and well-being that are conducive to the subsistence of the marriage relation, in the service of the common good and welfare as well as the essential interests of the spouses themselves and their offspring." (14 N.J., at p. 397)
Equally clear is the fact that the Joint Tortfeasors Contribution Act has not swept away this long standing *299 interdict and created causes of action between spouses heretofore unknown.
In Kennedy, supra, a suit was commenced by the plaintiff-judgment defendant seeking contribution against the defendant, who was at the same time the husband of the judgment plaintiff. Although this case did not involve a motion to join a third-party defendant prior to judgment in the principal action, its import and application are forceful here. Justice Heher, sustaining the entry of summary judgment in favor of the defendant-husband, held that he was not a joint tortfeasor in the intendment of the act inasmuch as the law did not admit of enforceable rights of action between spouses. Thus the element of common liability for which the act was intended to grant a remedy was negated and the provisions thereof became inapplicable.
"The statutory right of contribution is founded on a common liability in tort; and there is none such here. Joint or several liability to the injured judgment plaintiff * * * enforceable by action, is a substantive element of the right." (Id., 14 N.J., at p. 395)
"An interpretation of the Contribution Law that would sustain contribution in these circumstances would afford the means of rendering the husband indirectly liable to his wife in tort for negligence, and thus to transgress this salient principle that interdicts such intrusions upon marital unity and domestic contentment." (Id., at pp. 397-398.)
In another case, decided the same day as Kennedy, supra, the Supreme Court in Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372 (1954), allowed recovery for contribution for liability arising out of an antenuptial tort on the ground that the judgment had been satisfied by Greyhound and a co-defendant, Miller, prior to the marriage of the joint tortfeasor Rosenthal and the judgment plaintiff. The court reasoned that "payment of the judgment in tort which gave rise to the cause of action for contribution extinguished *300 the defendant Rosenthal's liability under the judgment to the plaintiff * * * and the latter's cause of action in tort which had merged in the judgment," and therefore "their subsequent marriage could have no effect whatever on the accrued right of action for contribution under the statute." (at p. 389)
It is interesting to note that the defendant husband argued that his marriage extinguished any cause of action against him arising out of the pre-marital tort. Factually, this case is distinguishable from both Kennedy and the case at bar inasmuch as Rosenthal was a co-party defendant with Greyhound in the principal action and judgment was entered against him therein. Greyhound and Miller subsequently satisfied the judgment in full and then Greyhound brought the contribution action cited above.
There can be no doubt that the Joint Tortfeasors Contribution Act did not abrogate the common law prohibition as to suits between spouses and therefore a husband cannot be joined as a third-party defendant for a tort committed during coverture. This is so because the element of enforceability is a prerequisite to suit and the immunity barring interspousal actions negates any concept of actionable liability between them.
The fact that we are here concerned with the commission of an antenuptial tort does not alter the common law immunity. This principle was first laid down in this State in Wolfer v. Oehlers, 8 N.J. Super. 434 (Law Div. 1950), in an action between husband and wife, given approval by our Supreme Court by way of dicta in Kennedy v. Camp, supra, and more recently in Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958), and Tomkovich v. Public Service Coord. Transp., 61 N.J. Super. 270 (App. Div. 1960). See also Clement v. Atlantic Casualty Ins. Co., 13 N.J. 439 (1953), citing Wolfer v. Oehlers, supra.
The defendants have urged upon the court the proposition that the avowed continued separation of the plaintiff and proposed third-party defendant withdraws this case from *301 the usual husband-wife situation inasmuch as there is no marital unity or harmony that can be disturbed by this action.
Notwithstanding the fact that our older cases based the marital disability upon the common law theory of unity, the modern approach has become one of public policy which seeks to preserve domestic unity and tranquility. As the court put it in Kennedy v. Camp, supra:
"The doctrine is generally sustained on the `sociological and political ground that it [suits between spouses] would introduce into the home, the basic unit of organized society, discord, suspicion and distrust, and would be inconsistent with the common welfare.'" (at pp. 396-397)
Defendants' argument that since the parties are separated and there is no marital unity to destroy, and that the cases cited are not therefore applicable, would seem, at first instance, to be one of sound logic. Forceful as their argument might seem, however, the fact of the long separation without attempt to abrogate the marital contract, coupled with the plaintiff's statement that she does not contemplate future proceedings to dissolve the marriage, operates against it. The law favors reconciliation and in these circumstances who is to say that there is no possibility of the resumption of the normal and close marital relationship that at one time apparently existed? Who is to say that the joining of the husband in this adversary proceeding to determine his liability to his wife will not operate to shut the doors to reconciliation? In Long v. Landy, 60 N.J. Super. 362 (Law Div. 1960), the court permitted an incompetent wife's guardian to sue the administrator of the husband's estate for damages arising out of personal injuries sustained as a result of the husband's negligence during coverture. However, that case is clearly distinguishable from that with which we are presently concerned and needs no further comment or analysis. Under our law, the crucial question is simply whether the litigants are husband and wife. If so, the public *302 policy of this State bars the action. Koplik v. C.P. Trucking Corp., supra.
Almost exactly in point is the case of Guerriero v. U-Drive-It Co. of N.J., 22 N.J. Super. 588 (Cty. Ct. 1952). There the defendants sought leave on motion to join the plaintiff's husband for the purpose of establishing the latter's liability for contribution. The motion was denied on the ground that the husband was not a joint tortfeasor within the intendment of the statute and therefore he could not have been liable for all or part of his wife's claim against the defendants.
This case appears to have been one of the earliest reported cases dealing with the Contribution Law, and its reasoning has been sustained by the later cases cited above. Accordingly, I would adopt the rationale set forth therein, apply it to this matter, and deny the motion presently before me.