94 N.J. Super. 61 (1967)
226 A.2d 752
ROSE SANCHEZ, PLAINTIFF,
v.
LOUIS OLIVAREZ, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 13, 1967.
*62 Mr. Abraham Miller, by Mr. Gerald D. Miller for plaintiff.
Mr. Fred W. Jung, Jr. for defendant (Messrs. Jung, Selikoff & Rathman, attorneys).
PINDAR, J.S.C.
This is a motion for summary judgment by defendant Louis Olivarez for dismissal of the complaint in an action grounded in negligence brought by plaintiff Rose Sanchez.
*63 The facts succinctly stated are as follows: Plaintiff was married to defendant on September 23, 1958; on January 17, 1965 plaintiff was a passenger in an automobile which defendant was operating when it was caused to strike a pole, from which consequence plaintiff was injured.
Thereafter, plaintiff instituted divorce proceedings against the defendant whereupon it is said a judgment was granted October 29, 1965. Subsequently, on September 13, 1966 the present action against her former husband was commenced.
The issue here is simply whether the disclosed divorce judgment revives and warrants a created right in the former wife to prosecute an action in negligence for a tort which occurred during coverture. While under the related circumstances this case appears to be one of first impression in this State, there is sufficient law to resolve the issue.
It is well established in our State that there can be no action in tort as between husband and wife. N.J.S.A. 37:2-5 provides:
"Nothing in this chapter contained shall enable a husband or wife to contract with or to sue each other, except as heretofore, and except as authorized by this chapter."
In view of this statute, our courts have had no choice but to apply the common-law bar to interspousal litigation. Lang v. Lang, 24 N.J. Misc. 26, 45 A.2d 822 (Cir. Ct. 1946); Bendler v. Bendler, 3 N.J. 161 (1949); Kennedy v. Camp, 14 N.J. 390 (1954); Pennsylvania Greyhound Lines Inc., v. Rosenthal, 14 N.J. 372 (1954); Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958). The rule has been soundly criticized. See dissent by Justice Jacobs in Koplik, at p. 13. The Legislature has long been aware of the criticism, but in its wisdom has seen fit to remain mute on the question. That being so, this court iterates the language of Justice Francis in Koplik:
"The policy issue is clear and if a legislature wishes to abrogate the immunity, it ought to say so clearly and unequivocally." (at p. 12)
*64 One spouse may not sue another in tort. However, the facts of the case at bar are such that the court must concern itself with the common-law bar to interspousal immunity as related to the actual marital status of the parties at the time of this motion. This court, upon the record before it, must logically conclude in light of the holdings of Long v. Landy, 35 N.J. 44; Koplik v. C.P. Trucking Corp., supra, and Taibi v. DeGennaro, 65 N.J. Super. 294 (Law Div. 1961), that interspousal immunity does not exist between the parties in this action.
In Long v. Landy, supra, a wife who was injured in an auto accident while a passenger in an auto driven by her husband, he being killed as result of the same accident, was allowed to bring an action against the administrator of her husband's estate. The court held:
"The concept of the unity of husband and wife is terminated upon the death of either spouse and the common law reason for the interdiction against interspousal suits based upon such unity no longer exists when the marriage has been so dissolved by the death of either party." (at p. 51; emphasis added)
The court further held that:
"The marital status which has been dissolved by death cannot be deleteriously affected by an interspousal action. The public policy which seeks to prevent disharmony in the home has no further factual basis, there being no matrimonial harmony to protect." (at p. 53; emphasis added)
Obviously, the status of marriage is the key premise for arriving at a logical conclusion. Such status being required to establish interspousal immunity, if there is no status, then there can be no immunity. The cases clearly indicate this. The crucial criterion, simply put, is whether the litigants are husband and wife. If so, no action may be brought. Taibi v. DeGennaro, 65 N.J. Super. 294, 301 (Law Div. 1961).
This court is constrained, for the purpose of this motion, to accept the reality of the termination of marriage by *65 divorce as being equivalent to termination by death. In either case, termination of marriage removes the interdiction against interspousal litigation.
The principle this court must concern itself with to establish the above-mentioned criterion of status, is not what the relationship was at the time the action accrued, as in Kennedy v. Camp, supra, where an action was brought by a tort feasor seeking contribution against a joint tort feasor, who was the injured plaintiff's husband at the time of the accident and after the judgment was entered; or when the action was commenced, as in Koplik v. C.P. Trucking Corp., supra, where an action was brought by the passenger who married the driver during the pendency of the action.
The issue of the marital status of the parties is resolved up to the time when their rights are judicially determined. Koplik v. C.P. Trucking Corp., supra, 27 N.J., at p. 7.
It is alleged by the plaintiff that she and defendant are in fact divorced. This contention is supported by her answering affidavit in answer to the defendant's motion for summary judgment. In view of the plaintiff's position, supported by her answering affidavit, that there is no present marital status, the marriage having been dissolved by divorce  upon these facts and the case law as stated, material questions of law and fact being in dispute, summary judgment upon the issue of interspousal immunity is denied, without costs. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1955).
Counsel should present conformable judgment. See R.R. 4:55-1.