102 N.J. Super. 53 (1968)
245 A.2d 228
MITCHELL GLUCKSMAN, AS ADMINISTRATOR AD LITEM OF THE ESTATE OF JERALD LAWSON, PLAINTIFF,
v.
JUNE STRELECKI, DIRECTOR OF MOTOR VEHICLES AND FLORENCE LAWSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 31, 1968.
*54 Mr. Doane Regan for plaintiff (Messrs. Zarin, Yormark & Maran, attorneys).
Mr. Thomas J. Kapsak for defendant June Strelecki, Director of Motor Vehicles (Messrs. Seiffert & Frisch, attorneys).
Mr. John E. Keefe for defendant Florence Lawson (Messrs. Cohen, Hoagland & Cohen, attorneys).
SEIDMAN, J.C.C. (temporarily assigned).
This motion for summary judgment presents for determination the unusual question of whether the personal representative of a deceased husband can maintain an action for wrongful death against the surviving widow who is not only an alleged tort-feasor but also the sole heir and next of kin of the decedent.
The pertinent facts are as follows: On May 15, 1966 decedent Jerald Lawson was a passenger in an automobile *55 which was being operated by his wife Florence Lawson along South 12th Street, Newark. The motor vehicle was involved in a collision with an automobile driven by an unidentified person. Lawson sustained fatal injuries.
The original complaint was filed by Florence Lawson, as general administratrix and as administratrix ad prosequendum of the estate of Jerald Lawson, against June Strelecki, Director of the Division of Motor Vehicles; City Chrysler-Plymouth, Inc., a corporation of New Jersey, and Newark Buick, Inc., a corporation of New Jersey. Another suit, instituted by Martha Zarumba, a passenger in the Lawson car, against Mrs. Lawson, the decedent's estate and the Director, is not involved in these proceedings.
Motions for summary judgment made by City Chrysler-Plymouth, Inc., and Newark Buick, Inc., were granted. Shortly thereafter the attorneys assigned to defend the Director wrote to counsel representing Mrs. Lawson, advising that "plaintiff in her representative capacity has failed to bring suit against Florence Lawson, individually," and suggesting that the complaint should be amended to add her as a party defendant. The letter also contained these remarkable comments:
"As you know, the Fund law requires that suits be brought against every one who is or may be liable. It further appears that under the law of New Jersey, she can sue herself in the position that she finds herself as plaintiff.
If she is not made a party defendant and judgment is recovered against the Director of Motor Vehicles, the Fund will oppose payment on the ground that suit has not been brought against all parties who may be liable."
Presumably in response to the letter, Mitchell Glucksman was appointed administrator ad litem of the estate of Jerald Lawson, and an amended complaint was filed in which he was substituted as plaintiff and Florence Lawson was added as a party defendant. Mrs. Lawson, obviously through her insurance carrier, now moves for summary judgment against the substituted plaintiff.
*56 Although the complaint sought damages not only for the alleged wrongful death of Jerald Lawson but also, under N.J.S. 2A:15-3, for personal injuries, counsel for plaintiff administrator conceded at the argument of the motion that death was instantaneous and stipulated that the claim was limited to such cause of action, if any, as existed under the Death by Wrongful Act statute, N.J.S. 2A:31-1.
A wrongful death action can be brought only in the name of an administrator ad prosequendum, or, where decedent died testate and his will was probated, by the executor or administrator with the will annexed. N.J.S. 2A:31-2. There is no provision for such suit to be instituted by an administrator ad litem, as was done here. Nevertheless, since the defect can be cured, if necessary, by appropriate substitution and amendment, the court will proceed to consider the merits of the motion for summary judgment.
The arguments advanced in opposition to the motion are that the decisional law in this State presents no bar to the action and that the policy considerations supporting the doctrine of interspousal immunity are not applicable to the facts involved in this litigation.
In the case of Long v. Landy, 35 N.J. 44 (1961), it was held that an action could be maintained by a passenger wife for personal injuries sustained when an automobile operated by her deceased husband collided with another vehicle. The focal point of the court's reasoning was that the concept of the unity of husband and wife is terminated upon the death of either spouse, and the common law reason for the interdiction against interspousal suits based upon such unity no longer exists when the marriage has been so dissolved by the death of either party. 35 N.J., at page 51. The bar to such litigation is also removed by a judgment of divorce entered after an accident involving husband and wife and before the filing of suit. Sanchez v. Olivarez, 94 N.J. Super. 61 (Law Div. 1967).
The unresolved problem is whether an action for the wrongful death of a spouse can be maintained against the *57 surviving tortfeasor spouse, in view of the statutory requirement that the death of a person must be caused "by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury" (emphasis added). Our Supreme Court did not decide the issue in the case of Heyman v. Gordon, 40 N.J. 52 (1963):
"We need not pass upon the first ground relied upon by the trial court, i.e., by reason of the requirement of N.J.S. 2A:31-1, no action for wrongful death will lie because the decedent could not have maintained a suit against her husband if death had not ensued. In states like New Jersey where the statute creates a new cause of action rather than having the effect of survival, the authorities are divided as to whether this requisite pertains only to elements inhering in the tort itself or extends to personal disabilities and immunities as well. See cases collected in Annot. 28 A.L.R.2d 662 (1953); Prosser, Torts, § 105, pp. 716-717 (2d ed. 1955); 2 Harper and James, The Law of Torts, § 24.5 (1956). As the New Hampshire court said in Levlock v. Spanos, 101 N.H. 22, 131 A.2d 319, 321 (Sup. Ct. 1957), most courts have held that immunities during life do bar a death action. The point apparently has never been decided by an appellate court in this State. A trial court decision some years ago squarely held as did the law division here. Damiano v. Damiano, 6 N.J. Misc. 849, 143 A. 3 (Cir. Ct. 1928). Long v. Landy, supra (35 N.J. 44) did not present the issue since there the action was not under the death act but by the surviving spouse against the estate of her deceased husband." (at p. 55)
The recent case of Tharp v. Shannon, 95 N.J. Super. 298 (Law Div. 1967), decided at the trial level, held that both the Survivor's Act (N.J.S. 2A:15-3) and the Wrongful Death Act (N.J.S. 2A:31-1) precluded the representative of a decedent from suing under circumstances where the decedent could not have sued the tortfeasor had she lived. In so holding, the court assumed that Heyman approved the reasoning of the court below as well as the conclusion reached in the cited New Hampshire case that lifetime immunities bar the death action. It does not necessarily follow that the Supreme Court would have done so if it had chosen to decide the issue. See Franco v. Davis, 51 N.J. 237, 240-241 *58 (1968), in which the court declined to comment on the soundness of several reported trial court decisions, including Tharp v. Shannon. The argument can be made that if an injured husband or wife is not barred from suing the estate of the deceased tortfeasor spouse, even though such suit could not have been maintained during the lifetime of the decedent, notwithstanding the language of N.J.S. 2A:15-4 that the plaintiff "shall have and maintain the same action against the executors or administrators of such testator or intestate as he or they might have had or maintained against the testator or intestate," there ought not to be immunity in the reverse situation where the suit is brought by or in behalf of an injured or deceased husband or wife against the tortfeasor spouse, merely because the latter is deceased. The negligent infliction of injury by one spouse upon the other is a wrongful act and it does not lose this quality because the injured spouse is prohibited by the common law doctrine from enforcing liability for the damages. Long v. Landy, supra, at page 50. If the basis for interspousal immunity terminates upon the death of either spouse, it should not matter whether the decedent is the tortfeasor or the victim.
There is no need to attempt to solve the problem at this level, if there is another basis on which the case at bar can be decided. It is better to await a definitive decision by an appellate court.
The inescapable fact is that Mrs. Lawson is, in effect, suing herself. An action for wrongful death is brought for the exclusive benefit of the persons entitled to take intestate property of the decedent. N.J.S. 2A:31-4. The administrator ad prosequendum is merely a nominal representative of the class mentioned, since he acts as fiduciary for the general administrator who is charged with distribution of the funds recovered. Kasharian v. Wilentz, 93 N.J. Super. 479, 481 (App. Div. 1967). In the case at bar the decedent left surviving as his sole heir and next of kin his wife, the defendant. Thus, the suit has been brought for her exclusive benefit. She is the real party in interest.
*59 It is a well settled rule of law that a party cannot maintain an action against himself. 1 C.J.S. Actions § 31. A person should not direct and conduct both the prosecution and defense of the same suit, no matter in what capacity he may appear. Globe & Rutgers Fire Ins. Co. v. Hines, 273 F. 774, 777 (2 Cir. 1921). It would be incongruous to permit the personal representative of the decedent to obtain a judgment for damages against Mrs. Lawson, when she alone would be entitled to the award. No person should profit by his or her own wrongdoing. See In re Kalfus, 81 N.J. Super. 435, 437 (Ch. Div. 1963). It is clear that the suit brought by the decedent's personal representative against Mrs. Lawson cannot be maintained in the circumstances here present. Whether the negligence, if any, of Mrs. Lawson will affect the remaining action against the Director of the Division of Motor Vehicles is an issue beyond the scope of this motion. But see Annotation, "Death action - beneficiary's negligence," 2 A.L.R.2d 785.
The motion for summary judgment is granted.